Chief Justice J. Jones,
specially concurring.
I fully concur in the Court’s opinion. The district court erroneously employed a cost approach to determining the attorney fee, rather than a value approach. The criteria in I.R.C.P. 54(e)(3) are geared to value, rather than cost. Indeed, the word “cost” appears nowhere in the rule. As a practical matter, courts generally give the most weight to the time and labor required for the case and the prevailing charges for like work. The latter factor is largely value based, as are most of the other factors in the rule—novelty and difficulty of the questions, skill requisite to perform the legal services, experience and ability of the attorney, the amount involved and the results obtained, the undesirability of the ease, and the nature and length of the professional relationship with the client. The value based factors outlined in the rule are at odds with the district court’s conclusion that it could only consider the amount that the Attorney General billed the Department for the work.
The Attorney General’s billing figure is a somewhat arbitrary amount designed primarily for inter-agency accounting purposes. While it may account for the average salary paid to attorneys in the Attorney General’s office, it doesn’t take into account the skill level of the individual lawyer or many of the costs attendant to housing, equipping, serving and maintaining legal staff.
If we start calculating reasonable attorney fees to be awarded a prevailing party based solely on the client’s out-of-pocket costs, we would eliminate fee awards for work done by lawyers handling cases on a pro bono basis. Generally, lawyers who do pro bono work do not expect to be compensated. They clearly do not expect to receive payment from their clients. However, if a fee award may be available to a successful lawyer, it provides some incentive for lawyers to do pro bono work. To eliminate the possibility for an attorney to receive a fee award where no payment will be forthcoming from the client would be a disservice to the pro bono effort.
Justice Pro Tern KIDWELL concurs.